IN THE UNITED STATES FEDERAL DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUITA CARATTINI, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-09-489-D |
| KEN SALAZAR, Secretary, United States Department of Interior, *et al.*, | ) |
| Defendants. | ) |

**O R D E R**

This matter is an action pursuant to the Administrative Procedures Act, 5 U.S.C. § 706, seeking judicial review of a final determination of the United States Department of Interior ("DOI") that two of the plaintiffs, Marquita Carattini and Richard Banderas, vacated their positions on the Apache Tribe of Oklahoma Business Committee and were replaced through a special election. Upon joint motion of the parties after the administrative record was filed, the Court ordered a briefing schedule. Consistent with the schedule, Plaintiffs filed a Motion for Summary Judgment [Doc. No. 20] and supporting brief on June 12, 2009. After receiving an extension of time, Defendants filed a Motion to Affirm or, in the Alternative, Cross-Motion for Summary Judgment [Doc. No. 25] on July 17, 2009. In their briefs, the parties acknowledge but fail to conform their filings to controlling case law. In this circuit, motions for summary judgment and motions to affirm are improper for use in an administrative appeal. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994). The court of appeals in *Olenhouse* "expressly disapproved" and "explicitly prohibit[ed]" the use of such procedures in administrative appeals. *Id*. at 1580.

For this reason, the parties' motions will be disregarded and this case will proceed as an administrative appeal. Because the parties' briefs adequately set forth their positions on the issues,

including the appropriate standard of review, the Court accepts the existing briefs for purposes of the appeal. The Court finds that no additional briefs are necessary, with one exception addressed herein.

Defendants raise in their opening brief a challenge to the Court's subject matter jurisdiction. The Court takes this issue up as a preliminary matter, as a motion to dismiss for lack of jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (jurisdiction is a threshold issue to be decided before a merits decision). Defendants contend that Plaintiffs seek to resolve an internal tribal dispute, to obtain an interpretation of tribal laws, and to be restored to positions of tribal leadership, which are matters beyond the authority of federal courts. The language of Plaintiffs' initial pleading does create doubt about the nature of their intended claims. It is denominated a "Complaint for Declaratory and Injunctive Relief" and seeks "review pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq*., declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*., and injunctive relief resulting from a . . . final agency decision." *See* Compl. [Doc. No. 1] at 1 (introductory paragraph). The declaratory relief sought, however, would simply counter conclusions reached by DOI in the decision under review, and the injunctive relief sought would mandate that "DOI, its officers, agents and employees recognize Carattini and Banderas as duly elected members of the [Apache Tribe of Oklahoma Business Committee]." *Id*. at 14-15 (prayer). Further, Plaintiffs' subsequent briefs make clear they are asserting a claim under the APA that a final agency decision was arbitrary, capricious, and not in accordance with the applicable law. *See* Pls.' Br. Supp. Mot. Summ. J. [Doc. No. 21]; Pls.' Resp. Defs.' Mot. Affirm [Doc. No. 28].

The APA confers jurisdiction on federal district courts to review final agency decisions. *See* 5 U.S.C. § 702. As a federal agency, DOI is plainly subject to the APA. *See Cherokee Nation v. Norton*, 389 F.3d 1074 (10th Cir. 2004) (APA review of DOI decision regarding tribal recognition);

2

5 U.S.C. § 701(b)(1) (defining "agency"). In dicta, the court of appeals has indicated that disputes over tribal leadership can be pursued under the APA once administrative remedies are exhausted. *See Blackbear v. Norton*, 93 F. App'x 192, 194 (10th Cir. 2004). Defendants implicitly recognize the availability of an APA remedy but argue that Plaintiffs have not asserted an "independent" APA claim, meaning one that does not require an interpretation of tribal law. *See* Defs.' Mot. Affirm [Doc. 25] at 10. The Court is unconvinced by this argument. Assuming for present purposes that the subject decision is one which DOI was authorized to make, then it is a final agency action subject to APA review.

What is unclear from Plaintiffs' briefs is why Plaintiff Ronald Ahtone is joined as a plaintiff. In responding to an argument in Defendants' brief questioning Plaintiffs' standing to seek redress, Plaintiffs argue only that "Plaintiffs Carattini and Banderas have suffered an injury in fact" and that these plaintiffs' injuries can be redressed by a favorable decision. *See* Pls.' Resp. Defs.' Mot. Affirm [Doc. No. 28] at 6, 7. Plaintiff Ahtone's standing is not addressed, as either a constitutional matter subsumed by the "case or controversy" requirement of Article III or as a statutory matter under the APA. The Supreme Court has summarized the constitutional limitation of standing as follows:

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (quotations and citations omitted); *see Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1242 (10th Cir. 2001). Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning

3

of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The court of appeals has explained the statutory requirements as follows:

> [A] plaintiff claiming a right to sue under the APA must "identify some 'agency action' that affects him in the specified fashion; it is judicial review 'thereof' to which he is entitled." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 882, 110 S.Ct. 3177, 3185, 111 L.Ed.2d 695 (1990). Then the prospective plaintiff must show that this agency action has caused him to suffer "legal wrong," or that he is "adversely affected or aggrieved" by that action. *Id*. at 883, 110 S.Ct. at 3186. Because a determination that a plaintiff has suffered legal wrong as the result of agency action goes to the merits, courts have focused on adverse effect or aggrievement in ascertaining standing under the APA.
>
> Adverse effect or aggrievement, in turn, has been interpreted as requiring a plaintiff to show that "the interest sought to be protected ... is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." [*Association of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150] at 153 [(1970)]; *see also Lujan*, 497 U.S. at 883, 110 S.Ct. at 3186; *Clarke v. Securities Indus. Ass'n*, 479 U.S. 388, 396, 107 S.Ct. 750, 755, 93 L.Ed.2d 757 (1987).

*Western Shoshone Business Council v. Babbitt*, 1 F.3d 1052, 1055 (10th Cir. 1993).

In this case, the decision under review is favorable to Mr. Ahtone. DOI determined that he remained a member of the Apache Tribe of Oklahoma and, thus, a member of the Apache Business Committee, and DOI recognized him as a tribal official authorized to conduct tribal business. *See* Compl., Ex. 1 [Doc. No. 1-2] at 3-4, 6. It does not appear that he personally has suffered any actual or threatened injury as a result of DOI's allegedly erroneous decision or that he has been adversely affected or aggrieved by the decision. Before ordering Mr. Ahtone's dismissal as a party, however, the Court will permit Plaintiffs to show cause, if they can, why Mr. Ahtone should not be dismissed for lack of standing to pursue an APA claim.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment [Doc. No. 20] and Defendants' Motion to Affirm or, in the Alternative, Cross-Motion for Summary

Judgment [Doc. No. 25] will be disregarded; however, the supporting briefs shall be considered as set forth herein.

IT IS FURTHER ORDERED that Plaintiff Ronald Ahtone shall show cause not later than April 23, 2010, why he should not be dismissed as a party plaintiff in this APA action.

IT IS SO ORDERED this 9th day of April, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE